UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HERSHEL LLOYD MORGAN, )<br>     Plaintiff, )<br>  )<br>  )<br>JENNIFER REED, et. al., )<br>     Defendants. ) | Case No. 17-1028 |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says his constitutional rights were violated at the Pontiac Correctional Center by Mental Health Care Provider Jennifer Reed, Lieutenant Punke, Major Susan Prentice, Correctional Officer Jesse, Sergeant Meister, Correctional Officer Doss, Correctional Officer Byrd and Sergeant Leroy. Plaintiff's complaint includes four separate allegations.

1) Defendants Reed and Leroy were deliberately indifferent to Plaintiff's serious mental health condition on January 26, 2015. Plaintiff says he made several requests for a crisis team to Officer Battle. Officer Battle then informed Defendant Leroy and Defendant Reed. Both Defendants were aware of

1

Plaintiff's mental health history, but failed to respond.  After several hours, Plaintiff cut himself five times on each leg.

2) Defendant Punke used excessive force against the Plaintiff when he intentionally applied restraints in a painful manner causing injury to the Plaintiff on May 1, 2015.

3)   Defendants Prentice, Meister, Doss and Byrd were deliberately indifferent to Plaintiff's serious mental health condition on May 24, 2015.  Plaintiff says he asked each Defendant for a crisis team, sometimes repeatedly, but he was never allowed to see a crisis team member.  Plaintiff later cut himself four times on each leg.

 4) Defendant Jesse was deliberately indifferent to Plaintiff's serious mental health condition when he refused repeated requests for a crisis team member on May 1, 2015.  Plaintiff ultimately cut himself several times on the leg.

It is not clear how Plaintiff's claims that he was denied mental health treatment in January of 2015 by one set of Defendants are related to his claims that he was denied mental health treatment by a different set of Defendants four months later.  In addition, Plaintiff's claim that he was denied mental health treatment is not related to his claim that a different Defendant used excessive force against him on a different day. Therefore, it appears Plaintiff is attempting to combine unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2)

The Court will allow Plaintiff one opportunity to decide which claim he wishes to pursue in this lawsuit. Plaintiff must file an amended complaint within 21 days. His amended complaint must stand complete on its own, must not make reference to any previous document and must not combine unrelated claims against different Defendants in one lawsuit. Plaintiff may still choose to pursue each of his claims, but he must file separate lawsuits, and pay separate filing fees. *See George*, 507 F.3d at 607 (a prison may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit). If Plaintiff's proposed amended complaint continues to combine unrelated claims against different Defendants, the Court will consider the claims in the order presented and dismiss any unrelated claims or Defendants.

Finally, Plaintiff has filed a motion to compel [4] asking the Court to order the Trust Fund Department to provide a copy of his relevant trust fund ledgers to support his motion to proceed in forma pauperis (IFP). The Clerk of the Court has obtained Plaintiff's trust fund ledgers and his IFP motion has been granted. Therefore Plaintiff's motion to compel is denied as moot. [4]

IT IS THEREFORE ORDERED THAT:

1) Plaintiff's complaint is dismissed as it appears to combine unrelated claims against different Defendants. See Fed.R.Civ.P. 18, 20;

2) Plaintiff must decide which claims he wishes to pursue in this lawsuit and must file his amended complaint on or before April 24, 2017. If Plaintiff fails to

file his amended complaint on or before April 24, 2017, his case will be dismissed.

3) The Clerk of the Court is to provide Plaintiff with an amended complaint form to assist him. Plaintiff MUST provide his complete litigation history. Failure to provide his litigation history could result in the dismissal of this lawsuit.

4) The Clerk of the Court is to set an internal merit review deadline within 30 days of this order

5) Plaintiff's motion to compel is denied as moot. [4]

Entered this 3rd day of April, 2017

                                             s/ James E. Shadid

                                   _____
                                               JAMES E. SHADID
                                   UNITED STATES DISTRICT JUDGE