UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Hershel Morgan,
Plaintiff

vs.

Jennifer Reed,
Leroy,
Defendants

Case No: 1:17 CV 01028
Judge: James E. Shadid

AMENDED COMPLAINT

FOR COMPENSATORY AND
PUNITIVE DAMAGES, INJUNCTIVE RELIEF
UNDER THE CIVIL RIGHTS ACT, TITLE 42 USC
SECTION 1983

SCANNED at PCC and E-mailed
9/19/17 (date) by KC (initials)
30 (# of pages)

1 OF 30

1. Jurisdiction And Venue

A. This Court has Federal question jurisdiction over the subject matter of this Complaint pursuant to the Civil Rights Act 42 U.S.C. 1983, and 28 U.S.C. 1331.

B. This Court has personal jurisdiction over each of the Defendant's. Defendant's are/were residents of the state of Illinois, former or current employee's of the state of Illinois, and Committed the act's described herein, within the state of Illinois. Therefore this court has personal jurisdiction over these Defendant's pursuant to 735 ILCS 5/2-209 (a)-(c).

C. Venue is proper in this jurisdiction, because the fact's which give's rise to Plaintiff's cause of action, took place in the Central District of Illinois Peoria Division.

2. The Parties

A. Plaintiff:
   Name: Hershel Lloyd Morgan
   Prison ID. Number: R61769
   Address: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL. 61764

b. Defendants.

　Defendant #1.
　Name: Jennifer Leek (White Female)
　Title: Unknown (Mental Health Care Worker)
　Place of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL 61764

　Defendant #2.
　Name: Leroy (White Male)
　Title: Sergeant Correctional Officer
　Place of Employment: Pontiac C.C., 700 W. Lincoln Street, Pontiac, IL 61764

Both Defendants are being sued in their Individual Capacity, where compensatory and Punitive Damages are sought; and Defendants are being sued in their Official Capacity where Injunctive Relief is sought.

3. Litigation History

Plaintiff has brought other lawsuits in Federal Court dealing with the same type of matters involved in this case, but not against the same un-named Defendants. Plaintiff has litigated suits in Federal Court, and in others, that below, (listed Named Defendants) have Deliberately ignored Plaintiff's serious mental health needs, and failed to protect Plaintiff from harming himself, while knowing the risk was clear and present. This has been a long and ongoing problem, may not

3 of 30

all, but many Officers/Mental Health Care Staff, refusing to provide Plaintiff with adequate Mental Health care Treatment, or access to Mental Health care.

A. Case Name, and Number: Hershel Morgan vs. Sergeant Williams et. al., 13 CV 2747
   1. Date Filed: On or About April, 11, 2013
   2. Filed in: Northern District, Chicago, Illinois.
   3. Plaintiff: Only Myself (Hershel Morgan)
   4. Judge: John A. Nordberg (retired) reassigned to Judge: Samuel Der-Yeghiayan
   5. Basic Claim Made: 8th, and 14th Amendment Violations, Cruel and Unusual Punishment, Failure to protect, Serious Mental Health/Medical Needs.
   6. Disposition: Dismissed, 8/26/2014, Reason: Judge Stated, It Appeared Plaintiff had no intention of following deadline.

B. Case Name, and Number: Hershel Morgan vs. Sergeant Warden et. al., 13 CV 4198
   1. Date Filed: Exact Date (Not Sure) Plaintiff has no available information on date.
   2. Filed in: Northern District, Chicago, Illinois.
   3. Plaintiff: Only Myself (Hershel Morgan)
   4. Judge: John A. Nordberg (retired) reassigned to Judge: Samuel Der-Yeghiayan
   5. Basic Claim Made: 8th, and 14th Amendment Violation's, Cruel and Unusual Punishment, Failure to protect, Deliberate Indifference to Serious mental health/Medical Needs.
   6. Disposition: Dismissed, to be Amended with Case 13 CV 2747, which Plaintiff Later Amended to Case 13 CV 2747. Ultimately Dismissed, Judge Stated, It Appeared Plaintiff had no intention of following deadline.

C. Case Name, and Number: Hershel Morgan Vs. S.K. Godinez et. al, 14 CV 3545
   1. Date Filed: Exact Date (Not Sure) Plaintiff has no information on date.
   2. Filed in: Northern District, Chicago Illinois
   3. Judge: Samuel Der-Yeghiayan
   4. Plaintiff: Only Myself (Hershel Morgan)
   5. Basic Claim Made: 8th and 14th Amendment Violations, Cruel and Unusual Punishment, Failure to Protect, Deliberate Indifference to Serious Mental Health, Medical Needs.
   6. Dismissed, to be Amended with Case 13 CV 8747, by Counsel, not Plaintiff. (But Counsel refused to Amend Complaint). Never was Amended.

D. Case Name, and Number: Hershel Morgan Vs. Sarah Johnson et. al, 15 CV 01334
   1. Date Filed: On or about Aug. 13, 2015
   2. Filed in: Central District, Peoria Illinois
   3. Judge: James E. Shadid - Assigned to Magistrate Judge Jonathan E. Hawley.
   4. Basic Claim Made: 8th and 14th Amendment Violations, Deliberate Indifference to Serious Mental Health, and Medical Needs.
   5. Plaintiff: Only Myself (Hershel Morgan)
   6. Disposition: Case Settled Dec. 19, 2016 (Dismissed without Prejudice, with Leave to reopen on or before 6/19/2017 if Settlement is not Finalized.)

4. Exhaustion of Administrative Remedies

1. Yes There is a grievance procedure at Pontiac C.C., Plaintiff has filed grievances on the matters involving this complaint, and Plaintiff has Exhausted all Administrative Remedies Available to him, provided by, and required by Pontiac C.C./I.D.O.C., the P.L.R.A., and this Court.

5. Statement of Claim's And Facts

COUNT 1:
(Defendant Jeniffer Reed)

1. Defendant Jeniffer Reed, Acting under the Color of State law, with actual knowledge of her proscribed duties, violated Plaintiff's Federally protected Eighth, and Fourteenth Amendment Constitutional Right's, by demonstrating deliberate indifference to Plaintiff's serious Mental Health need's, and basic human need for reasonable safety, by Denying Plaintiff adequate mental health care, and by failing to protect Plaintiff from a known substantial risk of harm/injury.

2. On January 26, 2015, at about 8:53 a.m., Plaintiff requested a crisis team to his gallery officer C/O Battle, and several time's throughout the shift Plaintiff made inquiries if a crisis team was coming, and Plaintiff was told by C/O Battle, that the cell house sergeant, Sergeant Leroy was notified, called and spoke to Mrs. Reed, (Defendant Jeniffer Reed)

who said she would be coming to see Plaintiff.

3. Defendant Jennifer Reed, in fact never came to see Plaintiff, or provide him mental health care/crisis team services on January 26, 2015, and around 8:00 to 2:35 p.m. Plaintiff did in fact cut himself five times on each leg (thirty times).

4. Defendant Jennifer Reed is a mental health care provider, charged with the duties of providing mental health care, and crisis team services to east cell house prisoners, where Plaintiff was housed, as well as to provide said services to Plaintiff, before and at the present time. Defendant Jennifer Reed was notified that Plaintiff requested a crisis team. Defendant Jennifer Reed was well aware that Plaintiff had an extensive mental health history, which involved self mutilation.

5. Defendant Jennifer is well aware of her duties as a mental health care provider, and active crisis team member, and she is also aware of the policies, and procedures, "Administrative Directives, 04.04.102, 04.04.101, and 04.04.102", which gives precise description of said duties Defendant Jennifer Reed is to perform.

6. Defendant Jennifer Reed demonstrates deliberate indifference to Plaintiff's serious mental health needs, and basic human need for reasonable safety, when on January 26, 2015, Defendant Jennifer Reed was in fact contacted by sergeant Lacey regarding Plaintiff requesting a crisis, and Defendant Jennifer Reed deliberately chose to ignore Plaintiff's request for a crisis team, and serious mental health needs, by deliberately ignoring the clear and very real fact that a substantial risk existed that Plaintiff would harm himself and/or person.

7. Due to Defendant Jennifer Reed's deliberate indifference to Plaintiff's serious mental health need and basic human need for reasonable safety, Plaintiff has, and continues to suffer irreparable

7 of 30

physical damage/disfigurement to his body, as well as substantial physical, emotional/psychological pain and suffering.

## COUNT 2:
### (Defendant Leroy)

1. Defendant Leroy, acting under the color of state law, with actual knowledge of his proscribed duties, violated Plaintiff's federally protected Eighth, and Fourteenth Amendment Constitutional Rights, by demonstrating deliberate indifference to Plaintiff's serious mental health needs, and basic human needs for reasonable safety, and by failing to protect Plaintiff from a known substantial risk of harm/injury.

2. On January 26, 2015, at about 9:00 a.m. Defendant Leroy was in fact notified by Ten gallery officer c/o Battle, that Plaintiff was requesting a crisis team, and Defendant Leroy told c/o Battle he, (Defendant Leroy) would call, and several more times throughout the shift c/o Battle made follow ups with Defendant Leroy, regarding Plaintiff's requests, and inquiries about needing a crisis team, and Defendant Leroy confirmed he had in fact called and spoke to Mrs. Reed, (Defendant Jennifer Reed) and she said she would be coming to see Plaintiff.

3. Between 2:20, and 2:30 p.m. on January 26, 2015, Defendant Leroy was again made aware by c/o Battle, that Plaintiff still had not been seen by a crisis team, and was still requesting one.

4. Between 2:40, and 2:45 p.m. on January 26, 2015, Plaintiff did in fact cut himself multiple times on each thigh, and on January 26, 2015, Plaintiff was in fact, was never seen by a crisis team.

5. On January 26, 2015 Defendant Leroy was the Sergeant assigned to East Cell House, in which and upon information, and among other things, is the Officer in Charge of House that each Correctional Officer first reports to, and/or notifies of incidents, "such as crisis team requests", and also who is charged with the duty of calling and notifying mental health staff of Plaintiff's request for a crisis team, and further charged with the duty of notifying "Higher Ranking Officers", up the chain of Command, and write a "incident report" of any and all safety/security issues, such as "Plaintiff's" request for a crisis team, and mental health staff being notified, and "no one coming."

6. Defendant Leroy demonstrated deliberate indifference to Plaintiff's serious mental health needs, and basic human need for reasonable safety, when on January 26, 2015 defendant Leroy was notified several times throughout his shift that Plaintiff was requesting a crisis team, and/or inquiring about a crisis team coming or not, and by 8:30 p.m. Defendant Leroy was made aware that Plaintiff has not been seen by a crisis team, and that it was apparent that mental health staff Plt's. need was not coming, Defendant Leroy decided to "toss his hands of the situation", and take no further action, while in fact knowing that a substantial risk existed that Plaintiff would harm himself or another person, and that further reasonable action should be taken.

7. Plaintiff's injuries could have been prevented if Defendant Leroy would have taken reasonable action, as provided by Policies and Procedures of the institution, as well as taken reasonable action that any reasonable thinking individual would have done, such as "Notify Higher ranking Officer of said situation."

8. Due to Defendant Leroy's deliberate indifference of Plaintiff's serious mental health needs, and basic human need for reasonable safety, Plaintiff has, and continues to suffer irreparable

9 of 30

physical damage/disfigurement to his body, as well as a substantial physical, emotional/psychological pain and suffering.

### Relief Request

1. A declaration that the acts and omissions described herein violated Plaintiffs' Civil Rights under the United States Constitution, and laws of the State of Illinois.

2. A permanent Injunction Restraining Defendants from withholding proper/adequate mental health care treatment, or access to, including referral's to specialists or other necessary treatment from Plaintiff.

3. Order Defendants to provide Plaintiff with proper treatment for his compulsion to self mutilate, including but not limited to providing reasonable safety to Plaintiff.

4. Compensatory damages in excess of $30,000.00 against each Defendant jointly and severally.

6. Punitive Damages in excess of $50,000.00 against each Defendant jointly and severally.

7. Reimbursement of all costs and fees accrued in this lawsuit, in the amount of $2,500.00.

### Jury Demand

Plaintiff hereby requests a trial by jury.

Wherefore, Plaintiff requests that judgement be entered in his favor against all

defendants for the pain, suffering, and hardship the Plaintiff has endured because of defendants constitutional violations against Plaintiff.

## AFFIDAVIT OF CONTENTS

I, Herschel Morgan, swear under oath and penalty of perjury that the contents within, and attached to this complaint are true and correct to the best of my knowledge and understanding, and that I am competent to testify thereto, and that I am subject to sanctions by the court if otherwise not so.

Herschel Morgan #R51769
April. 19, 2017

## AFFIDAVIT OF LITIGATION HISTORY CONTENTS

I, Herschel Morgan, swear under oath and penalty of perjury that the contents within this complaint concerning my litigation history, is true and correct to the best of my knowledge and understanding, and the only information available to me, and I am competent to testify thereto, and that I am subject to sanctions by the court if otherwise not so.

Herschel Morgan #R51769
April. 19, 2017

11 of 30

## CERTIFICATE OF SERVICE

I, Hershel Morgan, certify that on April 19, 2017, that I have given the attached Complaint to the mail law library staff at Pontiac C.C. to be E-Filed to The Central District Court, Peoria Illinois, at the 309 Federal Courthouse building in Peoria Illinois.

Hershel Morgan #K50269
April 19, 2017

b April 19, 2017

Keith G Spencer
Official Seal
Notary Public - State of Illinois
My Commission Expires Mar 23, 2020

12 of 36